BY CERTIFIED MAIL #  7019 1120 0000 9945 6815

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IBRAHIM ELGABROWNY,  )
  )
  Plaintiff,  )
  )  Case: 1:17-cv-00066
v.  )  Assigned To : Chutkan, Tanya S.
  )  Assign. Date : 1/11/2017
CENTRAL INTELLIGENCE AGENCY, *et al.*,  )  Description: Pro Se Gen. Civil (F Deck)
  )
  Defendants.  )

## PLAINTIFF'S CHALLENGE TO THE DOS AND CIA RESPONSES

## TO HIS FOIA/PA REQUESTS.

Comes now, Plaintiff, Ibrahim Elgabrowny, acting pro se, submitting his challenge

to the Department of State and the CIA responses to his FOIA/PA requests, and that

on-but not limited to- the following bases;

## PLAINTIFF'S RESPONSE TO THE DOS RESPONSES.



1)- The DOS responses to Plaintiff were as follows:

    a) 45 Documents released to Plaintiff in full.

    b) 61 Documents released to Plaintiff in part.

    c) 28 Documents the were withheld in full. and that as follows;

        - 8 documents that were withheld in full by the DOS.

        - 20 documents that were referred by the DOS to EOUSA, and then
        were withheld in full by the EOUSA.

## 2)- THE DOCUMENTS THAT WERE REFERRED TO EOUSA THEN WERE ALL WITHHELD IN FULL BY IT WERE IMPROPERLY WITHHELD.

    a)- In its letter to Plaintiff dated(Aug-7-2019), the EOUSA informed

him regarding the 20 documents that were referred to it from DOS,  EOUSA described

these documents as 310 pages of transcripts of phone conversations between parties that Plaintiff is not one of them, then the EOUSA took that last part as a reason to fully withhold all of these 310 pages of these phone conversations transcripts pursuant to b(6) and b(7)(C).

b)- Plaintiff now contends that such withholding by EOUSA was improper and that for the following reasons;

c)- While the FOIA/PA gives Plaintiff the right to seek information whether it belong to him or not , here, the EOUSA did not identify the parties that are involved in these phone conversations, and did not give Plaintiff a chance to seek a waiver to their privacy rights or submit a proof of death. if needed, regarding any of these individuals.

d)- The EOUSA did not address the segregability issue regarding any non-exempt part of these transcripts.

3)- The 8 documents that were fully withheld by DOS were respectively as follows;

a)-In its letter dated(Feb-27-2018), the DOS informaed Plaintiff that it fully withheld one document pursuant to exemption b(5)..

b)- In its letter dated(May-27-2018), the DOS informaed Plaintiff that it fully withheld three documents pursuant to exemption b(1).

c)- In its letter dated (Oct-24-2018), the DOS informed Plaintiff that it fully withheld two documents pursuant to exemptions b(1), b(3) and b(6).

d)- in its letter dated (Aug-23-2019), the DOS informed Plaintiff that it fully withheld two documents pursuant to exemption b(5).

4)- Plaintiff now contends that the DOS's full withholding of such documents was improper and that for the following reasons;

a)-The DOS did not describe each of these fully withheld documents in a

way that can give Plaintiff a meaningful review and might enable him to challenge such withholding.

b)- The DOS did not justify the withholding with specifity that can demonstrate the connection between each of the withheld information and the claimed exemption, and how any specific harm might happen if such information is disclosed.

c)- The DOS did not address any possible segregability of non-exempt parts of these fully withheld documents.

## 5)- THE DOS'S 61 PARTIALLY RELEASED DOCUMENTS.

a)- These -so called-partially released documents were mostly deleted, such deletions is annotated by a code that referred to explanation for withholding in an accompanying code catalogue.

b)- These partially released documents contains far-ranging category definitions without any explanation which part of the withheld material each of such far-ranging exemptions applies, and how any possible specific harm might happen in disclosing it.

c)- Such submitted coded exemptions were overly vague and lacked specifity of description that is necessary to ensure meaningful review of the DOS's claims to withhold the information that is subject to Plaintiff's request.

d)- Because of the nature of Plaintiff's request, some of the DOS's claims of exemptions, apparently, might not be applicable as claimed, unless justified.

e)- DOS failed to identify the parties that its privacy claims was aimed to protect, then give Plaintiff a chance submit either a waiver of

privacy rights or proof of death regarding any of each of these parties.

f)- DOS failed to address any possible segregability of any on non exempt portion of these documents.

g) DOS failed to explain how classifying information concerning Plaintiff and three other individuals that mostly regarding an criminal investigation that had been closed almost 27 years ago is not in violation to E.O.§13256 that prohibit classifying information that is not needed to be classified in order to protect National Security

h)- DOS failed to justify its confidentiality claims over the information mentioned above in ¶ g.

i)- The DOS did not attest that all of the files that possibly might contain responsive records to Plaintiff request had been searched.

j)- DOS did not explain how the search in this instant case was don, and don by who, and what search terms or terms alternatives were used during these searches.

6) - <u>THE CIA'S RELEASED DOCUMENTS PURSUANT TO THE PRIVACY ACT.</u>

The CIA's released documents to Plaintiff pursuant to PA were as follows;

a)- In its letter dated(July-17-2019), the CIA informed Plaintiff that it released to him two documents that were partially released pursuant to exemptions b(3)and b(6)

b)- In its letter dated(Aug-30-2019), the CIA informed Plaintiff that it released to him six documents that were partiall released pursuant to exemptions b(1), b(3), b(5) and b(6).

c)- In its letter dated(Oct-18-2019), the CIA informed Plaintiff that it fully withheld 16 documents pursuant to exemptions b(1), b(3), b(5) and b(6),  and one document that was partially released

pursuant to exemptions b(1), b(3), b(5) and b(6).

7)- a)- The CIA failed to denote which files were searched and searched by whom, what search terms or terms alternatives were used during these searches and did not identify any systematic approach to the documents locations and did not provide information specific enough to enable Plaintiff to challenge procedures utilized.

b)- The CIA did not attest that it has conducted a search that was reasonably calculated to uncover all relevant documents and that all the files that might contain responsive records to Plaintiff's request has been searched.

c)- The CIA failed to explain its withholding of portions of documents that were partially released to Plaintiff when such documents are part of Plaintff's criminal trial records that was a public record and mostly available in the public domain.

d)- The CIA failed to describe the withheld portions of the documents and the fully withheld documents in a clear way and specifically show the connection between the withheld portions or documents and the claimed exemptions and specifically show how any specific possible harm can happen if such withheld information is disclosed.


Respectfully submitted

Ibrahim Elgabrwony

Dated(Feb-26-2020)

## CERTIFICATE OF SERVICE

I hereby certify that on this  day of (Feb-26-2020)  , the foregoing has been served

to **Willaim Chang**.  AUSA, 555 4th St N.W.  Washington, D.C. 20530

Respectfully submitted.



Ibrahim Elgabrowny

## AFFIDAVIT

I hereby **declare** under penalty of perjury that the foregoing is true and correct

to the best of my knowledge.

Respectfully submitted.

Ibrahim Elgabrowny