UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED Mail Room
MAR 20 2020
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

IBRAHIM ELGABROWNY, )
)
    Plaintiff, )
) Case: 1:17-cv-00066
) Assigned To : Chutkan, Tanya S.
v. ) Assign. Date : 1/11/2017
) Description: Pro Se Gen. Civil (F Deck)
CENTRAL INTELLIGENCE AGENCY, et al., )
)
    Defendants. )

PLAINTIFF'S REPLY TO DEFENDANT'S MOTION IN SUPPORT TO EOUSA'S
RENEWED SUMMARY JUDGMENT.

Comes now, Plaintiff, Ibrahim Elgabrowny, acting pro se, submitting his reply to defendant's motion in support to EOUSA's Summary Judgment(Doc#76).

Pursuant to this court's order dated(Dec-12-2019), Plaintiff's reply was due by(Mar-2-2020).

On(Mar-1-2020), Plaintiff -via Certified Mail-submitted motion of extension of time to submit his reply by(Mar-16-2020).

With this reply, Plaintiff includes all of the arguments he raised in his previous reply to EOUSA's renewed Summary Judgment(i.e. Plaintiff's Doc#67).

    A)- DEFENDANT'S DECLARATIONS WERE MADE IN BAD FAITH AND IN CONTRADICTION TO THE RECORD OF THIS INSTANT CASE, ACCORDNGLY, DEFENDANT'S SUMMARY JUDGMENT SHOULD BE DENIED, AND PLAINTIFF'S MOTION FOR IN CAMERA REVIEW SHOULD BE GRANTED.

1)- In its reply in support of defendant's renewed summary judgment (Doc#76), defendant erroneously argued that Plaintiff's motion for court in camera review to the search slips and processing notes that were produced during United

- 1 -

States Attorney Office, Southern District New York(USAO SDNY)'s search for Exhibit(C) and the (July-22-1994)government's letter should be denied, allegedly, because it was based on Plaintiff's speculation of bad faith of the USAO SDNY that conducted the search. (Doc#76 at 6).

2)- Plaintiff now contends that such of defendant's argument is in total contradiction to the record of this instant case.

3)-- EVIDENCE OF USAO SDNY'S ACTUAL BAD FAITH.

a)- The CIA's exhibit(C) contains exculpatory information regarding Plaintiff. (See Plaintiff's 2d Amend Compl, Doc# 29 at 9, ¶ 43), (Doc# 29-1 at 5).

b)-The court in Plaintiff's criminal case ordered USAO SDNY to pursue such Brady issue, then to tell Plaintiff or the court about the result of such efforts. (Doc# 29-1 at 5).

c)-Because it was in the interest of USAO SDNY not to bring such exculpatory evidence into light in order to secure getting a desired conviction, USAO SDNY concealed such exculpatory evidence, the record of Plaintiff's criminal case is completely deprived from any indication that the governement ever pursued such Brady issue, let alone informing Plaintiff or the court about the result of its efforts regarding that as it was directed by the court to do so.

d)- Such improper concealment was in violation to Plaintiff's due process right, and also was a violation to that USAO's statutory function in prosecuting Plaintiff's alleged criminal act.

e)-As it was in the interest of USAO SDNY to conceal such exculpatory information from Plaintiff during his trial in order to secure desired conviction, it is even more desired now for the same office not to disclose such material that it previously concealed because such disclosure will expose such office's improper previous act.

f)- USAO SDNY's claim of not finding the requsetd Exhibit(C) and the

(July-22-1994)government letter is a cover up for its previous improper act it had done during Plaintiff's trial.

g)-The above demonstrate that Plaintiff's claim of USAO SDNY's bad faith is based on evidence from the record of this instant case, and it is not in any way speculation as the defendant erroneously claimed in its reply.

h)- In Allen v. CIA, 636 F. 2d 1287(D C Cir 1980) it was held that[Where there is evidence of bad faith on the part of the agency, the representations of the agency lose all trustworthiness. In camera inspection in such situation is "plainly necessary". i.d at 1298.

Ray v. Turner, 587 F. 2d 1187 (D C Cir 1978)[ Where the record contains a showing of bad faith, the District Court likely require in camera inspection]. i.d. at 1195.

B)- DEFENDANT'S FAILURE TO SEARCH OTHER FILES THAT HAS THE SAME INFORMATION CONTAINED IN EXHIBIT(C).

1)- In his reply to defendant's renewed Summary Judgment, Plaintiff argued that USAO SDNY failed to search Khuzami's Declaration and the government's memorandum of law that each discuss the same exculpatory information contained in Exhibit(C). (Doc# 67 at page 16, 19-21)

2)- In its reply in support of defendant's renewed Summary Judgment, defendant objected to Plaintiff argument stating that " Plaintiff never requested requested these documents and he cannot expand the scope of his FOIA request now" (Doc# 76 at 5).

3)- Plaintiff now contends that such of defendant's argument is wrong and should be rejected by the court for the folloing reasons:

a)- FOIA IS FOR INFORMATION, NOT DOCUMENTS.

When Plaintiff submitted his FOIA request to EOUSA, he emphasized the

fact that his goal is to get the exculpatory information contained in exhibit(C). (Doc# 29 at 9, ¶ 43) also(Doc# 29-1 at 40).

      b)- By that, EOUSA was obligated by the law of this circuit to construe Plaintiff's request liberally and search for such information in exhibit(C) itself, and if not found, then in other available locations if possible. LaCedra v. EOUSA, 317 F. 3d 345(D C Cir 2003)[ The D C Circuit has ruled that an agency may violate a requester's right when it interprets a request too narrowly, the government is obligated, under the law of this circuit, to construe a FOIA request liberally].    Schiller v. N.L.R.B, 964 F.2d 1205, 1209(D C Cir 1992) [The focus in the FOIA is Information, not document], i.d. at 1209.
In Wheeler v. EOUSA, # 05-1133(CKK)(D C Cir 2008)[The court finds that defendant did not have to rely on clairvoyance or any other nontraditional resources in order to adequately search for documents responsive to Plaintiff's request]. quoting Butler v. DOJ, 03-0915, 2005, U.S. LEXTS 5419(D DC 2005)[ ordering defendant to search for reponsive records in several locations].
Raulerson v. Ashcroft, 217 F. Supp 2d 17(D DC 2002)[ If the agency discover that relevant information might exist in another set of files or separate record system, the agency must look at those sources as well].

    4)- BASED ON THE ABOVE, EOUSA SHOULD HAVE CONSTRUED PLAINTIFF'S FOIA REQUEST AS FOR GETTING THE EXCULPATORY INFORMATION CONTAINED IN EXHIBIT (C), AND ACCORDINGLY, SHOULD HAVE SEARCHED FOR SUCH INFORMATION, FIRST IN EXHIBIT (C) ITSELF, AND BECAUSE, ALLEGEDLY, IT WAS NOT FOUND, THEN IT SHOULD HAVE SEARCHED FOR THE SAME INFORMATION IN KHUZAMI'S DECLARATION OR THE GOVERNMENT MEMORANDUM OF LAW THAT, EACH IS PART OF PLAINTIFF'S CASE FILE, AND EACH CONTAIN THE SAME INFORMATION MENTIONED IN EXHIBIT (C).

5) - Defendant cannot rely on the Court's (3-31-2019) ruling to deny segregating any non exempt parts of Exhibit (c) that can be found through searching Khuzami's Declaration or the Government Memorandum of law, and that is because.

a) - The (3-31-2019) Court's ruling is not final, and accordingly, it is subject to be changed.

b) - Despite the Court ruling in favor of the CIA's claim of no possible segregable portion from Exhibit (c), however, the Court overlooked the fact that - as was mentioned above in π 3-a, the fact that Exhibit (c) contains exculpatory information regarding plaintiff was already revealed and became public without disclosing the identity of the source of the information, having that in mind, the Court failed to address the possibility of whether a substantive facts of what the information contained in Exhibit (c) tends to prove can be disclosed too - whether it will be taken from Exhibit (c) itself, or from Khuzami's Declaration or the Government Memorandum of law that each discuss the same information - and that without disclosing the identity of the source as the example of the already revealed information

mentioned above in ¶ 3-a had done.

In Ray v. Turner, 587 F.2d 1187, 1195 (DC Cir 1978) it was held that [ Document 2 would disclose the identity of a sensitive intelligence source has some particularity, But, it turns into failure to address specifically whether the disclosure of substantive information may be possible without the disclosure of the source, and, if not, why not. ]

## Conclusion

1) - EOUSA's declarations were made in bad faith as a cover up to USAO SDNY previous improper acts, accordingly, EOUSA's renewed summary judgment should be denied.

2) - The court should order USAO SDNY to search Khuzami's declaration and the Government's memorandum of law that are part of plaintiff's criminal case file, and see whether a statement of facts of what exhibit (c) information tends to prove can be issued without disclosing the identity of the source of the information.

3) - Plaintiff's motion for the court in camera inspection should be granted in order to probe the defendant's searching efforts regarding all of plaintiff's FOIA requests, and defendants search of Khuzami's declaration and the government memorandum of law.

Respectfully submitted.       Dated (Mar-15-2022)

*[signature]*

Ibrahim Elgabrowny

CERTIFICATE OF SERVICE

I hereby certify that on this day of (MAR-15-2020), the foregoing has been served to WILLIAM CHANG, AUSA, 555 4th st NW, WASHINGTON D.C. 20530 VIA FIRST CLASS MAIL.

Respectfully submitted.



Ibrahim Elgabrowny

DATE (MAR-15-2020)

AFFIDAVIT

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted.

Ibrahim Elgabrowny

DATED (MAR-15-2020)



NAME: IBRAHIM ELGABROWNY
REG.#: 28054-054
Federal Correctional Institution Elkton
P. O. Box 10
Lisbon, Ohio 44432



7017 3380 0000 3463 4281

U.S. POSTAGE PAID
FCM LG ENV
LISBON, OH
44432
MAR 16, 20
AMOUNT
$0.00
R2305M145065-03

⟨⟩ 28054-054 ⟨⟩
Clerk Of The Court
U.S. District Court
333 Constitution AVE NW
Room 1225
Washington, DC 20001
United States

CLERK OF THE COURT
U.S. DIST COURT
333 CONSTITUTION AVE NW
ROOM 1225
WASHINGTON D.C. 20001

Legal Mail