UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBRAHIM ELGABROWNY,<br><br>     Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br>*et al*.,<br><br>     Defendants. | Civil Action No. 17-cv-00066 (TSC) |

**MEMORANDUM OPINION**

The remaining Defendants in this case, the United States Department of State ("State Department") and the Central Intelligence Agency ("CIA") have filed a Motion to Dismiss for Want of Prosecution, pursuant to Federal Rule of Civil Procedure 41(b), ECF No. 94. For the reasons stated herein, the court will grant Defendants' Motion.

**I. BACKGROUND**[1]

Plaintiff Ibrahim Elgabrowny, appearing *pro se* and *in forma pauperis* ("IFP"), filed suit on January 11, 2017, alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. Sec. Am. Compl., ECF No. 29 at 1.

On March 31, 2019, the court (1) granted the Federal Bureau of Investigation's Motion for Summary Judgment, (2) granted in part and denied in part, without prejudice, CIA's First Motion for Summary Judgment, (3) denied without prejudice the Executive Office for United States Attorneys' ("EOUSA's") First Motion for Summary Judgment, and (4) denied Plaintiff's

---

[1] The court also incorporates, by reference, the additional detailed procedural history and factual background of this case, contained in its Memorandum Opinions, issued on March 31, 2019, ECF No. 58, and March 25, 2020, ECF No. 82.

Cross-Motion for Summary Judgment, among others.  Order & Memorandum Opinion, ECF Nos. 58, 59; *Elgabrowny v. CIA*, 2019 WL 1440345 at *14–16 (D.D.C. Mar. 31, 2019).

In the same Memorandum Opinion and Order, the court directed CIA and EOUSA to file either a renewed motion for summary judgment, or a status report addressing production as to Plaintiff's remaining and unresolved FOIA Requests and/or proposing a briefing schedule.  *Id.* at *16.  The State Department, which was still in the process of reviewing and releasing documents, was also ordered to file a status report or a briefing schedule.  *Id.*

On March 25, 2020, the court granted EOUSA's Renewed Motion for Summary Judgment, ECF No. 62.  Memorandum Opinion & Order, ECF Nos. 82–3.  On April 6, 2020, the two remaining agencies, State Department and CIA, still processing and releasing documents, jointly requested a stay of this case based on various logistical hardships created by COVID-19.  Motion to Stay, ECF No. 84.  The court granted the request and stayed the case.  *See* April 7, 2020 Min. Ord.

On June 10, 2021, based on attestations from Defendants, *see* Status Report, ECF No. 92, the court lifted the stay, *see* June 10, 2020 Min. Ord.  The court also held Defendants' request for entry of a briefing schedule in abeyance because a search of the Federal Bureau of Prisons' database revealed that Plaintiff was no longer in federal custody.  *Id.*  Because Plaintiff was no longer incarcerated, the court sought to provide the parties an opportunity to meet and confer regarding a proposed mutually agreeable briefing schedule.  *Id.*

Plaintiff, however, had failed to provide an updated address or telephone number, in contravention of the District of Columbia Local Rules.  *Id.* (citing D.C. Local Civil Rules 5.1(c)(1) and 11.1). He was therefore ordered file a notice of change of address, containing his full residence address, telephone number, and any other pertinent contact information, by July 9,

2021.  *Id*.  He was warned that failure to comply would result in the entry of a briefing schedule without his input.  The Clerk of the Court mailed a copy the Order to Plaintiff at his most recent address of record.  *Id.*; *see* June 11, 2021 Dkt. Entry.  On August 20, 2021, the court mailing was returned as undeliverable.  *See* Clerk Dkt. Entry, ECF No. 93.

With no response from Plaintiff, on August 20, 2021, Defendants CIA and the State Department filed a Motion to Dismiss for Want of Prosecution, ECF No. 94, and a Motion for Order to Show Cause, ECF No. 95.  On September 9, 2021, the court granted Defendants' Motion for Order to Show Cause and directed Plaintiff, by October 11, 2021, to show cause in writing as to why this case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and D.C. Local Civil Rule 83.23.  Order, ECF No. 96.  The court also held Defendants' Motion to Dismiss for Want of Prosecution in abeyance pending Plaintiff's response to the Order to Show Cause.  *Id*. at 3.  Plaintiff was warned that failure to comply with the Order would result in consideration of Defendants' Motion without his input, and/or dismissal of the remaining claims in this matter without prejudice.  *Id.*

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see also* D.C. LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion.").  "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause."  *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam).  "A lengthy period of inactivity may . . . be enough to justify dismissal under Rule 41(b)[,]" *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C.

Cir. 1988) (citing *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2d Cir.1986) and *Cherry v. Brown–Frazier–Whitney*, 548 F.2d 965, 969 (D.C. Cir. 1976)), especially "if the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders, or if he has no excuse for the delay, or if there are other factors aggravating the inaction." *Id.* (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2370, at 205–07 (1971) (internal quotation marks omitted)).

The authority to dismiss suits for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Further, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff is afforded some latitude in prosecuting his case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted).

### III. DISCUSSION

To date, Plaintiff has neither complied with the court's June 10, 2020 Minute Order nor with the court's September 9, 2021 Order to Show Cause. All his deadlines have elapsed, and he has not opposed the pending Motion to Dismiss, requested an extension, or responded in any other manner. Plaintiff was last active in this case approximately 19 months ago. *See* Pl.'s Motion for Extension of Time, ECF No. 85 (Apr. 10, 2020), granted by Min. Ord. (Apr. 15, 2020). Despite time and opportunity, Plaintiff has still not updated the court with his current address or any of his other contact information, in direct contravention of D.C. Local Civil Rules 5.1(c)(1) and 11.1. Moreover, this case has now been pending for nearly five years, and all the

remaining parties, including Plaintiff, have been afforded myriad extensions and accommodations.

Given Plaintiff's failure to comply with the court's directives and the Local Rules, and his lengthy period of inactivity, dismissal for failure to prosecute is proper. For the reasons expressed, Plaintiff has "not manifested reasonable diligence in pursuing" this matter. *Bomate*, 761 F.2d at 714. Despite the efforts of this court, Plaintiff has done nothing to suggest that he intends to continue with his remaining claims, and as such, they will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** the Motion to Dismiss for Want of Prosecution, ECF No. 94, filed by CIA and the State Department. This court's Local Rules provide that dismissals for failure to prosecute should be made without prejudice unless the delay in prosecution impairs the opposing party's interests. D.C. LCvR 83.23. As Defendants have neither argued nor proved impairment of interest, the case against CIA and the State Department shall be **DISMISSED without prejudice**. An Order accompanies this Memorandum Opinion and is separately issued.

Date: October 27, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge